IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

TAMMY MEANS, )
          Plaintiff, )
)
vs. ) Civil Action No. 11-1092
) District Judge Mark R. Hornak
) Magistrate Judge Maureen P. Kelly
CITY OF MCKEESPORT, VERNON )
ANDREWS, Police Officer and individually, ) [ECF No. 15]
MCKEESPORT POLICE DEPARTMENT, )
          Defendants. )

# REPORT AND RECOMMENDATION

## I. RECOMMENDATION

Plaintiff has filed a Motion for Default Judgment against Defendant Vernon Andrews, Police Officer and Individually. [ECF No. 15] For the following reasons, it is respectfully recommended that the Motion for Default Judgment, ECF No. 15 be granted, but that a determination of damages be deferred for consideration at the time of trial of the claims as to Defendants City of McKeesport and the McKeesport Police Department.

## II. REPORT

### A. FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff Tammy Means ("Plaintiff") has filed this civil rights action pursuant to 42 U.S.C. § 1983, alleging the violation of her rights under the Fourth, Fifth and Fourteenth Amendments to the United States Constitution as well as other federal and state law claims. Specifically, Plaintiff alleges that Defendant Vernon Andrews, a police officer employed by the City of McKeesport and the McKeesport Police Department, used his authority and position to

1

gain access to her home without permission or a warrant. Plaintiff's original Complaint was filed on August 24, 2011, and an Amended Complaint was filed on March 8, 2012.

The docket in this action reflects that Defendant Andrews was properly served, but has failed to file an Answer or otherwise respond to Plaintiff's Complaint or Amended Complaint. Accordingly, on April 16, 2012, Plaintiff filed the instant Motion for Default Judgment. [ECF No. 15]. The Motion was unopposed by any Defendant and on April 17, 2012, the Clerk for the United States District Court for the Western District of Pennsylvania entered default against Defendant Vernon Andrews for failure to plead or otherwise defend. [ECF No. 18]. Upon the entry of default, Pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure, this Court scheduled a hearing on Plaintiff's Motion for Default Judgment. The hearing occurred as scheduled on June 26, 2012, at 8:30 a.m. and Plaintiff's Motion for Default Judgment was unopposed by any Defendant.[1]

### B. STANDARD OF REVIEW

"Before entering a default judgment, a court must consider a number of factors. The Third Circuit Court of Appeals has condensed these factors into three main issues: '(i) whether the plaintiff will be prejudiced if the default is denied, (ii) whether the defendant has a meritorious defense; and (iii) whether the default was the product of defendant's culpable conduct.'" E. Elec. Corp. of New Jersey v. Shoemaker Const. Co., 652 F. Supp. 2d 599, 604 (E.D. Pa. 2009), *quoting*, Spurio v. Choice Security Systems, Inc., 880 F. Supp. 402 (E.D. Pa.1995) (*citing* United States v. $55,518.05 in U.S. Currency, 728 F.2d 192, 195 (3d Cir. 1995)); Chamberlain v. Giampapa, 210 F.3d 154 (3d Cir. 2000).

---

[1] The Court notes that Defendant Andrews appeared at 9:00 a.m. after the hearing had been concluded and all counsel had departed. He was holding notice of the 8:30 a.m. hearing.

2

Once a default judgment has been entered, the well-pleaded, factual allegations of the complaint, except those relating to the damage amount, are accepted as true and treated as though they were established by proof. While these well-pleaded allegations are admitted and accepted, the Court need not accept the moving party's legal conclusions or factual allegations relating to the amount of damages. E. Elec. Corp. of New Jersey v. Shoemaker Const. Co., 652 F. Supp. 2d at 605 (citations omitted). A party's default does not suggest that the party has admitted the amount of damages that the moving party seeks. See Comdyne I, Inc. v. Corbin, 908 F.2d 1142, 1149 (3d Cir.1990).

The effect of entry of default on the docket is to preclude the defaulted defendant from participating in the litigation and contesting the facts alleged against him in the complaint. Where, as here, multiple defendants are present, the Court then may proceed on the merits as to the non-defaulted defendants and the defaulted defendant will be bound by the result. Frow v. De La Vega, 82 U.S. 552, 554 (1872). In the ordinary course of litigation involving multiple defendants, the entry of judgment against the defaulting defendant is typically deferred pending disposition of the entire matter. *See, e.g.*, Koren v. First Fuding Factors, Inc., No. 89-6250, 1990 WL 102805, at *3 (E.D. Pa, July 13, 1990), Mitchell v. Lyons Professional Services, Inc., 727 F. Supp.2d 116 (E.D. NY 2010). However, Defendants City of McKeesport and McKeesport Police Department did not file a response in opposition to Plaintiff's Motion for Default Judgment and advised counsel for Plaintiff that they would not appear at argument to oppose the Motion. Accordingly, Defendants have waived any objection to the entry of judgment against Defendant Andrews.

C.  **DISCUSSION**

1.  **Plaintiff is Entitled to Default Judgment Against Defendant Vernon Andrews**

    a.  **Plaintiff will be prejudiced if default judgment is not granted.**

During the hearing on the Motion for Default Judgment, Plaintiff argued that she is prejudiced by the absence of a default judgment against Defendant Andrews because of the inability to proceed against him in light of his failure to participate in this litigation. Plaintiff has served all pleadings and motions filed in this action on Defendant Andrews, who had previously executed a waiver of service. Plaintiff also served Defendant Andrews' counsel in the underlying criminal action with a copy of the Complaint. However, Defendant Andrews has failed to enter an appearance or otherwise indicate that he has a meritorious defense in this action. Further, given Defendant Andrews' conduct to date, it is clear that Plaintiff will not be able to obtain his answers to interrogatories or response to other discovery requests concerning Plaintiff's claims against him and his co-defendants. Accordingly, Plaintiff has established sufficient prejudice to justify the entry of default judgment.

    b.  **Defendant Andrews has not proffered any meritorious defense to Plaintiff's action.**

The second factor requires consideration of what, if any, meritorious defense has been offered by the defaulting party. "A meritorious defense is one which, 'if established at trial, would completely bar a plaintiff's recovery.'" <u>Eastern Electric Corp. of New Jersey v. Shoemaker Construction</u>, 657 F. Supp.2d 545, 553 (E.D. Pa. 2009). Because Defendant Andrews has not asserted *any* defense, he certainly has not asserted a meritorious defense. <u>Id.</u>

    c.  **The entry of default resulted from Defendant's culpable conduct.**

It is clear that Defendant Andrews has disregarded repeated notices of this judicial action. "Culpable conduct relates only to 'actions taken willfully or in bad faith.'" <u>Id.</u>, at 553. As

indicated by Plaintiff, Defendant Andrews has no excuse beyond his own conduct for his default. The pleadings and motions filed in this action have been served on him and a courtesy copy of the Complaint was provided to his criminal counsel. However, Defendant has not engaged in the litigation process and has offered no reason for his failure to do so. The Court finds that this conduct qualifies as culpable conduct with respect to the entry of a default judgment.

The Court has considered whether alternative sanctions to the entry of default judgment are available; however, given Defendant Andrews conduct to date, no alternative appears capable of prompting Defendant Andrews to answer or otherwise appear in this action.

**2.     Damages**

In considering the amount of damages or the truth of an averment of evidence, the Court may make its determination by conducting a hearing or by receiving detailed affidavits from the claimant. Durant v. Husband, 28 F.3d 12, 15 (3d Cir.1994) (stating that, if necessary, the court may hold a hearing to assess damages); Amresco Financial I L.P. v. Storti, 2000 WL 284203 (E.D. Pa. Mar.13, 2000) (noting that the entry of a default judgment with an award of damages is proper when such an award can be ascertained from detailed figures in evidence and affidavits). The Court is under no requirement to conduct an evidentiary hearing with testimony, but, rather, such a hearing "may be one in which the [court] asks the parties to submit affidavits and other materials from which the court can decide the issue." Moore's Federal Practice 3d § 55.32[2][c]. If no evidentiary hearing is held, the moving party "must present sufficiently 'detailed affidavits' to permit the court to apply the appropriate factors in awarding statutory damages." E. Elec. Corp. of New Jersey v. Shoemaker Const. Co., 652 F. Supp. 2d at 605, *quoting*, Universal City Studios v. Ahmed, 1993 WL 429099, at *2, 1993 U.S. Dist. LEXIS 14951, at *5 (E.D. Pa. Oct. 18, 1993).

Given the procedural posture of this case, however, with claims against multiple defendants arising out of an apparent indivisible injury, the better course appears to delay a hearing on damages until the trial of this matter. Accordingly, it is respectfully recommended that default judgment be entered against Defendant Andrews, but that the amount of the judgment be determined at trial.

D.   **CONCLUSION**

For the foregoing reasons, is respectfully recommended that the Motion for Default Judgment [ECF No. 15] be granted.

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1), and Local Rule 72.D.2, the parties are permitted to file written objections in accordance with the schedule established in the docket entry reflecting the filing of this Report and Recommendation. Failure to timely file objections will waive the right to appeal. Brightwell v. Lehman, 637 F.3d 187, 193 n. 7 (3d Cir. 2011). Any party opposing objections may file their response to the objections within fourteen (14) days thereafter in accordance with Local Civil Rule 72.D.2.

Respectfully submitted,

/s/ Maureen P. Kelly
MAUREEN P. KELLY
UNITED STATES MAGISTRATE JUDGE

Dated: June 28, 2012

cc:   The Honorable Mark R. Hornak
      United States District Judge

      All counsel of record by Notice of Electronic Filing

      Vernon Andrews
      1772A Freemont Street
      McKeesport, PA 15132